**In the Matter of the Application for the DISCIPLINE OF Mark D. LUTHER, an Attorney at Law of the State of Minnesota.**

**No. CO–85–1622.**

Supreme Court of Minnesota.

Oct. 9, 1985.

**ORDER**

The Director of the Lawyers Professional Responsibility Board commenced a disciplinary action by filing a petition against the respondent. Following a hearing before a panel of the Lawyers Professional Responsibility Board, the Board directed that probable cause had been shown and that the Director should file a petition with this court. Subsequently, the Director and the respondent, represented by counsel, entered into a stipulation in which the respondent waived all further rights to hearings under the Rules of the Lawyers Professional Responsibility Board and agreed to the imposition of discipline and admitted to having falsely told numerous people that his client had lost a class action suit and that they, or the person he was seeking, might be receiving a rebate because of the results of that action. By doing so, respondent then asked for and obtained the name, address and other information about that individual which he then used to pursue a collection action against the individual. As a part of this game, respondent frequently used the name Mark Rose in potentially troublesome collection calls, in part so that his identity would not be recognized. He likewise opened an out-of-state checking account in the name of a non-existent foundation. Under the name of Mark Rose, the respondent issued a number of small checks from that foundation to his clients' judgment debtors in order to ascertain the location of the debtors' bank accounts so that he might garnish or levy on them. Respondent's conduct in knowingly making false statements regarding a non-existent class action suit, in using a code name, and in using the foundation ruse violated disciplinary rules, DR–1–102(A)(4) and (6), and DR 7–102(A)(5) and (8), Minnesota Code of Professional Responsibility.

The court, having considered the petition, the recommendation of the panel, and the stipulation,

NOW ORDERS:

1. That the respondent is hereby publicly reprimanded.

2. That the respondent shall during the school year 1985–1986 successfully complete a course in professional responsibility at an accredited law school.

3. That the respondent shall take and pass the professional responsibility portion of the multi-state bar examination by December 31, 1986.

4. That pursuant to Rule 10(a), Rules of Lawyers Professional Responsibility, respondent shall dispense with any panel proceedings under Rule 9 of the Rules of the Board and further consents to the immediate filing of the petition for disciplinary action in this court in connection with any future charges of unprofessional conduct against him relating to misrepresentation, deceit, dishonesty, or fraud for two years from the date of this order.

5. Respondent shall, within 30 days from the date hereof, pay to the Lawyers Professional Responsibility Board $500 in costs pursuant to Rule 24(a), Rules of Lawyers Professional Responsibility.